**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVIN GRAHAM, Sr., | No. 11-17774 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00265-BAM |
| v. | |
| JAMES HARLEY, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding[**]

Submitted October 9, 2012[***]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Former California state prisoner Bevin Graham, Sr. appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Graham consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment violations in connection with a fall he sustained when exiting a prison van. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Graham's action because Graham failed to allege facts demonstrating that defendants were deliberately indifferent when they did not offer Graham assistance when he exited the van. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

**AFFIRMED.**

11-17774